INZER, Justice:
This proceeding was instituted in the Circuit Court of Wayne County by Pat Harrison Waterway District against W. D. Cooley, Minnie M. Cooley, and Edward L. Cooley seeking to condemn a flood easement to nine and five-tenths acres of land located in Wayne County.
A trial was had and the jury after hearing the evidence and viewing the premises fixed the landowner’s damages at $10,000. A judgment was entered accordingly and from this judgment the Waterway District appeals.
The principal assignment of error is that the verdict of the jury is so grossly excessive as to denote bias, passion and prejudice as to shock the enlightened conscience of the Court.
The proof shows that this easement is being acquired by the Waterway District in connection with Maynor Creek Water Park wherein a reservoir or lake is being constructed for flood control and water management to the extent that the reservoir will provide both domestic and industrial water supply for the area in the future. In addition a park will be developed for recreational facilities and a large pool of water will be used for fish and wildlife enhancement. The normal pool of water will cover about 400 acres of the 1,400 acres of land that the District is acquiring. The land to be included in the park is being acquired in fee, and a flood easement is being acquired over some land outside the park, which may be flooded in times of extreme flooding of the creek. According to the proof the land of the ap-pellees would be covered with water on rare occasions and then for a limited period of time. However, there is nothing in the easement to limit the right of the District to submerge the land with water or otherwise cause damage by lack of drainage or erosion. Except for the easement the landowners retain the right to use the land as they see fit.
The record reflects that the appellees own a 42.5 acre tract of land located partly in the NEJ4 of Section 17, and partly in the SEj4 of Section 8, Township 8 North, Range 7 West, Wayne County. Located upon this tract of land is a brick home, a barn, tractor sheds, smoke house and a small shed. There are no improvements on the tract being condemned, but the easement does extend up to the corner of the barn. A part of the tract of land adjoins a county road and the easement extends over a part of the area lying between the house and the public road. The proof shows that at the time of heavy rains the county road is overflowed by a small stream for a short period of time.
Mr. George M. Jones, a qualified, licensed real estate appraiser with many years experience, made an appraisal of the land for the Water District. He fixed the value of the entire tract before the taking at $32,005, and the value of the tract after the taking at $31,821. It was his opinion *418 after rounding off his figures that $1,200 was a fair market value for the easement and the damage to the remaining property. On cross examination Mr. Jones testified that in fixing the amount of damages he considered the engineering data furnished by the Water District indicating that the land in question would be flooded at rare intervals, and this would not affect the use being made of the land by the owner. It was his opinion that the flooding of the land at rare intervals, and then for only a short time, would not damage the timber on the land or prevent its continued use for growing timber.
Mr. W. D. Cooley, one of the owners, testified that the 42.S acres of land with improvements had a fair market value of $58,355, before the taking and the fair market value after the taking was $40,848.-50, and that the total damage as a result of the taking was $17,506.50. He estimated the value of the timber on the 9.5 acres to be $6,000, and it was his opinion that if the land was flooded for an extended period of time, it would kill the timber now on the land and prevent the use of the land for growing timber. It was his opinion that the taking of this easement would materially affect the market value since a prospective purchaser would not want the property with such an easement outstanding. It was his opinion that if the land was flooded, it would flood his access to the public road and would also flood the public road.
Mr. W. R. Chapman, a timber cruiser, estimated the fair market value of the timber on the land to be taken to be $4,800.
Mr. Robert Graham, a timber cruiser, estimated the value of the timber on the 9.5 acres to be $4,500, and it was his opinion that if water was allowed to stand on the land for a long period of time, it would kill the timber. Mr. Graham was allowed to testify over the objection of the appellant that the fair market value of the entire tract before the taking was $50,000 and that the land would be damaged $25,000 by th’e taking. On cross examination he stated that he considered the taking of the flood easement the same as taking the land in its entirety.
 Where the owner of the land after condemnation 'retains substantial rights in the property, he cannot insist on the value of such rights being included in the measure of compensation. Alabama Power Co. v. Carden, 189 Ala. 384, 66 So. 596 (1914). This rule is applicable in this case and especially so as to the timber on the land in question. The Water District is not taking the timber, and the landowners may remove the same at any time they so desire. The owners here retain full ownership of their property and the only right the Water District has is to cause water to be backed up on it. This, according to the proof, would happen only on rare occasions and then for only a short period of time. However, the easement is not limited as to the right of the Water District to flood the property.
After careful consideration of the evidence in this case, together with due respect of the findings of the jury, we find from all the facts and circumstances, that any sum in excess of $6,000 is so grossly excessive as to shock the conscience of the Court and evinces bias, passion and prejudice. For this reason, the judgment will be reversed and the case remanded for a new trial on the question of damages, unless the appellees will file within ten days after the judgment of this Court becomes final, a remittitur of $4,000, so as to reduce the judgment to the sum of $6,000, if such remittitur is filed, the judgment will be affirmed for $6,000.
Affirmed on the condition of remittitur, otherwise reversed and remanded for a new trial.
GILLESPIE, C. J„ and SUGG, WALKER, and BROOM, JJ., concur.